Willie WILLIAMS, Appellant,

v.

TEXAS CITY REFINING, INC., et al., Appellees.

No. A2590.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 1, 1981.

Alton C. Todd, Brown & Todd, Alvin, for appellant.

Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, Mike Phillips, Boswell, O'Toole, Davis & Pickering, Paul Clote, Vinson & Elkins, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a take nothing judgment entered in a personal injury suit. Appellant sought compensation for damages resulting from exposure to allegedly dangerous chemicals on the premises of Texas City Refining, Inc. (hereafter T.C.R.). We affirm.

The accident giving rise to this suit occurred on May 13, 1977 on the premises of T.C.R.'s plant. Appellant, an employee of Byrd Engineering and Construction Company, Inc. (hereafter Byrd), was engaged in pulling an aggregate of tubes, called a "bundle", from the inside of an iso-recycle cooler, also known as an exchanger. During normal operation hydroflouric acid is present in the cooler. In preparation for the maintenance work to be performed by Byrd, the employees of T.C.R. placed the unit in what is termed "shut down status" in order to make the unit safe for the performance of the maintenance work. T.C.R. has the following procedures for preparing the unit: 1) the acid is pumped into an acid storage facility; 2) hydrocarbons present in the unit are removed; 3) the system is purged with natural gas; 4) ammonia is injected to neutralize any remaining acid in the system; and 5) depending upon the type of unit involved, parts of the

system are flushed with water. All of these steps were followed in the instant case except the water flushing.

Appellant and his fellow crew members had succeeded in pulling the bundles from two coolers and were attempting to pull the bundle from a third when the accident occurred. They had encountered some difficulty in pulling the bundle from the third cooler. When the bundle did at last move a white cloud erupted from the cooler enveloping the Appellant. Appellant claims he was seriously injured and that such injury caused numerous hospitalizations and his inability to work since that day.

Appellant filed this suit against T.C.R. with a general allegation of negligence. The case was tried on a theory of premises liability. In response to special issues the jury found that: 1) T.C.R. failed to prepare the exchangers for shut down operations so that dangerous chemicals, if any, would not be present upon removal of the bundles; 2) such failure was not negligence; 3) T.C.R. did not fail to inspect the exchangers to determine if it was safe to remove the bundle; and 4) the damages suffered were $39,400. The court entered a take nothing judgment upon the findings of the jury. Appellant asserts twenty points of error.

 In his first six points of error, Appellant complains that the court erred in refusing to submit a series of special issues as to whether T.C.R. failed to warn that dangerous chemicals might have been present and that protective equipment should have been worn at the time in question. An owner or occupier of premises owes a duty to his business invitees to warn and protect against dangerous conditions on the premises. Recovery based upon such a duty, however, is conditional upon the plaintiff's obtaining a jury finding or establishing as a matter of law that the owner or occupier created or maintained some condition on his premises which involved an unreasonable risk of harm and that the owner or occupier knew or should have known of the condition of the premises. *Adam Dante Corp. v. Sharpe;* 483 S.W.2d 452 (Tex.1972); *Seideneck v. Cal Bayreuther Associates,* 451

S.W.2d 752 (Tex.1970). Appellant did not request special issues inquiring as to these vital elements. Nor did he establish as a matter of law that T.C.R. through its agents or employees knew or should have known that such condition existed. The owner may be charged with knowledge and appreciation of a dangerous condition on his premises only, if upon a reasonable inspection, a reasonably prudent person would have foreseen a probability that the condition would result in injury to another. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d at 754. Appellant, having failed to establish this as a matter of law, and having failed to request special issues on these matters, would not have been entitled to judgment even had his warning issues been submitted and favorable findings returned. Appellant's first six points of error are, therefore, overruled.

 In his 7th, 8th, and 9th points of error Appellant complains that the court erred in refusing to submit a series of special issues concerning the failure of T.C.R. to wash the exchangers in question prior to the bundle's being pulled. A case may not be reversed because of the failure of the Court to submit different shades of the same issue. Tex.R.Civ.P. 279. These issues, as requested, are merely shades of special issue number one which was submitted to the jury. That special issue submitted inquired as to whether T.C.R. had failed to prepare the exchangers for the shut down operations so that dangerous chemicals would not be present when the bundles were removed. In view of the testimony and evidence in this case, the technical issue regarding any wash down of the exchangers was included in the broader issue submitted. Appellants 7th, 8th and 9th points of error are overruled.

 In his tenth point of error. Appellant urges it was against the great weight and preponderance of the evidence for the jury to find that T.C.R.'s failure to adequately prepare the exchangers for shut down operations was not negligence. In determining a great weight point we must consider evidence on both sides of a particu-

lar issue, both for and against the jury's finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Having done so we hold that the finding of the jury was not against the great weight and preponderance of the evidence.

■ Appellant next complains that the court erred in excluding the testimony of Mr. Leslie T. Winters and two exhibits which were contained in T.C.R.'s records. These showed that another individual had been burned by hydroflouric acid in the same work area the day before the accident in question. Appellant argues that the exclusion of that evidence was improper and could have caused the rendition of an improper verdict. The testimony and documents at issue were excluded after hearsay and relevancy objections by T.C.R. Appellant argues that the evidence was admissible to show the knowledge of a dangerous condition by T.C.R. While such evidence may have been admissible to show that T.C.R. had notice that someone believed there was still hydroflouric acid in the general work area, it was not admissible to show that there was hydroflouric acid in the area. Further, other testimony regarding the work area reveals that the area in which the reported injury occurred was not the same as that in which this accident occurred. Even had such evidence been admitted it would not have established as a matter of law that T.C.R. knew or should have known of the existence of a dangerous condition. We hold that the exclusion of this evidence was not reasonably calculated to and did not cause the rendition of an improper verdict.

■ In his 15th and 16th points of error Appellant urges that the court erred in excluding from evidence a letter from Dr. C. Merrill Stiles to Dr. John Middleton. Dr. Middleton testified in this case. Appellant argues that the letter should have been admitted under Tex.Rev.Civ.Stat.Ann. art. 3737e, or should have been allowed to impeach the testimony of Dr. Middleton. While it was stipulated that the letter was properly proven under art. 3737e, the opinion stated therein was not shown to be based on reasonable medical certainty or on demonstrable medical facts. *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966). Further, Appellant made no showing that the opinion of Dr. Middleton was based on the opinions and records of Dr. Stiles. Therefore, the letter does not fall within an exception to the hearsay rule. It is not like a book or treatise upon which a testifying expert's opinions could be based.

In his 17th and 18th points of error Appellant complains that the court erred in allowing the witnesses C. E. Miles and Marion Clay Chambers Jr. to give opinion testimony. Each witness was shown to be qualified either by experience or education to give his opinion.

■ As to Appellant's 19th point of error, we hold that the trial court did not abuse its discretion in excusing a juror challenged for cause. The juror was excused when it was learned that she suffered the same ailment as the plaintiff. We hold that such action did not prevent a fair and impartial trial.

■ In his final point of error, Appellant complaints that the court erred in its apportionment of preemptory strikes. Six preemptory strikes were allowed Appellant, seven allowed T.C.R. and one allowed the third-party defendant Byrd. In view of the agreement between Appellant and Byrd which was announced to the court prior to the voir dire examination and in view of the antagonism existing between T.C.R. and Byrd in a matter for the jury to determine, we hold that the trial court did not abuse its discretion in its allocation of the strikes. Under Tex.Rev.Civ.Stat.Ann. art. 2151a (Vernon Supp. 1980–81), the trial court must first determine as a matter of law where antagonism exists between parties. Having done so, the court must then exercise its discretion in allocating the strikes between the parties. The statute requires that the strikes be equalized between parties but not between sides. The maximum disparity allowable between sides in most cases is a two-to-one ratio. Even assuming that Byrd and T.C.R. must be considered on

the same side of the docket while antagonistic to each other, the disparity of strikes between the sides in this case was much less than a two-to-one ratio. Appellant's 20th point of error is overruled. The judgment of the court below is in all things affirmed.