DELTA ENGINEERING
CORPORATION,
Appellant,

v.

WARREN PETROLEUM, INC., Appellee.

No. 01–82–0774–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1984.
Rehearing Denied April 5, 1984.

Jack W. Tucker, Jr., Maurice Bresenhan, Jr., Bresenhan & Wingate, Albert Wingate, Houston, for appellant.

James G. Sargent, Ralph E. Gustafson, Gustafson & Nelson, Michael G. Terry, Vinson & Elkins, James M. Seabolt, Patten & Gustafson, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a judgment entered in a suit upon an indemnity contract. Trial was to a jury, and the court entered judgment for the indemnitee, Warren Petroleum, Inc.

The judgment is affirmed.

The appellant, Delta Engineering Corporation, "Delta", contracted with the appellee, Warren Petroleum, Inc., "Warren", to perform certain work at Warren's place of business. One provision of the contract required Delta to indemnify Warren for and against any liability incurred by reason of the contract's performance. Delta's employee, Mervin O. Hill, was severely burned when a gas line valve was incorrectly loosened, releasing gas into an adjoining area and causing an explosion and fire. Hill who received workers' compensation and was therefore barred from suing Delta by Tex.Rev.Civ.Stat.Ann. art. 8306 § 3(a) (Vernon 1917), filed suit against Warren, alleging various acts of negligence and claiming damages in excess of $3,000,000 dollars. Warren, in turn, filed a third party action against Delta, seeking indemnification under the written contract.

Warren later negotiated a settlement with the plaintiff, Hill, which included a cash payment of $320,000.00, together with the purchase of an annuity guaranteeing Hill, or his assigns, the sum of $2,500.00 per month for the remainder of his life. Delta stipulated that this agreement was made in good faith, and that it was reasonable and prudent under the circumstances. The case then proceeded to trial on the single remaining issue: the right of Warren to indemnification by Delta under the contract.

The indemnity provision reads as follows. Contractor hereby agrees to protect, indemnify and hold Owner harmless for and against: (1) Any and all liability, claims, demands, causes of action, suit and other litigation or judgments ... of every kind and character arising in favor of contractor or third parties, included but not limited to ... personnel furnished by Contractor or third parties, on account of personal injuries or death or damage to property belonging to the contractor or others.

Delta defended the action by claiming its own lack of negligence, and the protection of the Texas Workers' Compensation Statute, *supra*. Nowhere in Delta's pleadings does it assert that Warren was contributorily negligent and was therefore barred from recovery by the so-called "clear and unequivocal rule". See *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818 (Tex.1972). Moreover, neither party requested any issues on Warren's negligence be submitted to the jury for a factual determination.

Issues were submitted on the question of Delta's negligence and the jury found: Delta's employees had failed to follow safety regulations promulgated by Warren, this conduct was negligent, and this negligence was the proximate cause of the plaintiff's injuries. The court then entered judgment for the third party plaintiff, Warren, against Delta.

On this appeal Delta asserts three points of error, all of which focus on its claimed exemption from liability due to the alleged concurrent negligence of the contract indemnitee, Warren.

It is a well-recognized rule in this state that an indemnity agreement will not protect a party against the consequences of his own negligence, unless such an obligation is expressed in clear and unequivocal terms. *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208 (Tex.1980); *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818 (Tex.1972); *Syra & Payne v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972); *Spence & Howe Construction Co. v. Gulf Oil Co.*, 365 S.W.2d 631 (Tex.1963).

However, in the case at bar, there were neither pleadings, nor jury findings, that the indemnitee, Warren, was negligent either by act or omission. Based on our review of the record, we hold that War-

**772**

ren's negligence was not established as a matter of law. Therefore, the ultimate question before this court is: which of the parties to the contract, Delta or Warren, had the burden of establishing the negligence or lack of negligence of the indemnitee, Warren. We hold that burden was on the indemnitor, Delta.

Although this is not a case of first impression, the question has not commanded great attention in the Texas courts. See e.g. *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317 (Tex.Civ.App.—Tyler 1975, no writ); *Barnes v. Lone Star Steel*, 642 F.2d 993 (5th Cir.1981). This perhaps results from the fact that unless there is a settlement between the plaintiff and the original defendant, as in this case, the plaintiff will usually request to have issues submitted on the indemnitee's negligence.

In the present case, the plaintiff and the original defendant, Warren, settled the underlying lawsuit prior to trial. As stated above, Delta stipulated that this settlement was both reasonable and prudent and was entered into in good faith. However, Delta's own stipulation did not relieve it, as indemnitor, from meeting its burden of proof of establishing the indemnitee's contributory negligence.

■ To recover under an indemnity agreement, the settling indemnitee must prove his "potential liability" as well as the reasonableness of the settlement between himself and the plaintiff. See, *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818 (Tex.1972); *Mitchell's, Inc. v. Friedman*, 159 Tex. 424, 303 S.W.2d 775 (1957); *Sun Oil Co. v. Renshaw Well Service, Inc.*, 571 S.W.2d 64 (Tex.Civ.App.Tyler 1978, writ ref'd n.r.e.). If an indemnitee in the above situation had the additional burden of proof on the contributory negligence issue, he would be required to take what appears to be two contradictory positions. He would be required to prove both his "potential liability", as well as his own "non-negligence", which is the absence of his actual liability. While these two positions may appear plau-

sible and yield a consistent result, it can reasonably be argued that they are in absolute conflict. Moreover, we conclude that this would discourage settlements and that under certain conditions, it could easily create needless confusion among the members of the jury. Furthermore, it would almost assuredly defeat the indemnitor's action for indemnification.

■ The courts of Texas have consistently held that contracts of indemnity, even for liability arising from one's own negligence, are not violative of public policy. *Northern Texas Traction Co. v. City of Polytechnic*, 236 S.W. 73 (Tex.Com.App. 1922); *James Stewart & Co. v. Mobley*, 282 S.W.2d 290 (Tex.Civ.App.—Dallas 1955, writ ref'd). Such contracts, when freely entered into by the parties, should be given their full effect, and should not be easily circumvented by the courts through the imposition of impossible burdens of proof on the party seeking to recover under the agreement.

Our conclusion is supported by Tex.R. Civ.Pro. 94, which is entitled "Affirmative Defenses", and sets forth a non-exclusive list of defenses, including contributory negligence and exemptions from coverage under contracts of insurance, which not only must be proven by the defendant, but must also be affirmatively pled prior to trial. The rationale behind this requirement is that "[e]ach of the nineteen listed pleas would defeat, in whole or in specific part, the underlying cause of action or defense asserted in the preceding pleading." *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444, 448 (Tex.1967). The court quoted *W.L. Moody & Co. v. Rowland*, 100 Tex. 363, 99 S.W. 1112, (1907) where that court stated:

"If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of plaintiff's case, but which shows an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequences of plaintiff's case ..." Id at 1113.

We conclude that many of the same policy considerations for the inclusion of these defenses under Rule 94, also exist with respect to making the defense of concurrent or contributory negligence an affirmative defense in an action on a contract of indemnity.

■ In reality, a contract of indemnity is very similar to a contract of insurance. As with an insurance contract, the parties to an indemnity agreement voluntarily enter into a contract whereby one party conditionally agrees to accept the responsibilities of the other. If the indemnitor should later deny coverage under the contract, whether due to a contractual exclusion, or for some other reason, it is such party's burden to affirmatively state the justification for his refusal to indemnify.

A similar analogy can be drawn with regard to the defense of contributory negligence. Rule 94 was originally enacted at a time when contributory negligence was an absolute bar to a plaintiff's recovery in a personal injury action. The jurisprudence of this State has now progressed to the point where, except in instances where the plaintiff's negligence exceeds fifty percent of the cause of his injury, such a defense only proportionately reduces a plaintiff's recovery. However, Rule 94 continues to require the affirmative pleading and submission of issues on the defense of contributory negligence.

Concurrent or contributory negligence is presently an absolute bar to a plaintiff's recovery under this type of an indemnity contract. *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex.1969); *Blue Bonnet Electric Cooperative, Inc. v. Universal Electric Construction Co.*, 467 S.W. 567 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Humble Oil & Refining Co. v. Wilson*, 339 S.W.2d 954 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). Furthermore, the legislative commentary to Rule 94 and the subsequent case law both state that this list of affirmative defenses is not exclusive. Tex.R.Civ.P. 94, interp. commentary (Vernon 1966); see *Petroleum Anchor Equipment v. Tyra*, 419 S.W.2d 829 (Tex.

1967) (holding ratification is an affirmative defense which must be pleaded); *Copeland Well Service Inc. v. Shell Oil Co.*, 528 S.W.2d 317 (Tex.Civ.App.—Dallas 1975, no writ) (holding accord and satisfaction is an affirmative defense). Certainly, where the harsh results of total defeat are possible, a defendant to a contract of indemnity should be required to both plead and prove the defense of contributory negligence.

■ Therefore, we hold the defense of concurrent or contributory negligence to an indemnity contract is an affirmative defense within Rule 94, which must be both pled and proven by the defendant/indemnitor.

■ In the case at bar, Delta, by failing to either plead or request issues on Warren's contributory negligence, has failed to meet their burden of proof and the trial court correctly entered judgment in favor of the appellee, Warren. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.