KEYSTONE EQUITY
MANAGEMENT, Appellant,

v.

Larry Allen THOEN, et al., Appellees.

No. 05–85–01284–CV.

Court of Appeals of Texas,
Dallas.

Feb. 25, 1987.

William S. Warren, Houston, for appellant.

Cynthia M. Crowe, Houston, for appellees.

Before GUITTARD, C.J., and
HOWELL and McCRAW, JJ.

HOWELL, Justice.

As this case comes to us, it is primarily a dispute between an apartment management company and the owners thereof. It began when a tenant, Larry Allen Thoen ("Tenant"), sued Keystone Equity Management Corporation ("Manager"), together with the alleged owner of the apartment complex, pleaded to be a partnership of Pacifica/Camelot Associates, Inc. and Camelot Associates, Ltd. ("Owner"), together with Pacifica Real Property Investments Corporation.[1] Tenant alleged the breach of a lease agreement by failing to correct defective conditions on the leased premises and by withholding his security deposit in bad faith.

Owner answered and filed a cross-claim against Manager, alleging (1) that Manager

---

**1.** At the close of the evidence, Tenant non-suited Pacifica Real Property Investments Corporation and such defendant is not a party to the appeal.

breached its management agreement by, *inter alia,* failing to notify its principals of Tenant's complaints and (2) that Manager was negligent in failing to maintain accurate records and perform repairs. Manager filed a cross-claim against Owner for indemnification of attorney's fees, pursuant to the management agreement.

In response to special issues, a jury found that both Tenant and Owner breached the lease; that Manager did not breach the management agreement; and that Owner agreed to indemnify Manager for its attorney's fees. The trial court rendered a judgment *non obstante veredicto,* denying all parties any recovery on their respective claims. Both Manager and Owner appeal.

Manager contends that the trial court erred in disregarding the jury's finding that Owner agreed to indemnify Manager for its attorney's fees. We agree.

■ An indemnitee may recover the expenses of litigating an indemnified claim if the right of indemnity is implied by law or arises by contract. *Fisher Construction Co. v. Riggs,* 320 S.W.2d 200, 211 (Tex.App.—Houston [1st Dist.]), *rev'd on other grounds,* 160 Tex. 23, 325 S.W.2d 126 (Tex. 1959). Section 4.1 of the management agreement provides that Owner would "indemnify, *defend,* and save [Manager] harmless from all suits in connection with the Premises and from liability for damage to property and injuries to or death of any employee or any other person whomsoever ..." (emphasis added). We must determine whether this language includes attorney's fees.

■ Indemnity agreements are to be strictly construed in favor of the indemnitor. *Smith v. Scott,* 261 S.W. 1089 (Tex. Civ.App.—Amarillo 1924, no writ). However, the doctrine of *strictissimi juris* is not a rule of construction; it is a rule of substantive law applicable only after the parties' intent has been ascertained through ordinary rules of construction.

*Ohio Oil Co. v. Smith,* 365 S.W.2d 621, 627 (Tex.1963). In determining intent, the general rule is that words and phrases will be given their ordinary, popular, and commonly accepted meaning. *Hudson v. Hinton,* 435 S.W.2d 211, 214 (Tex.Civ.App.—Dallas 1968, no writ). The ordinary and commonly accepted meaning of the phrase "indemnify, defend, and save harmless," as used in section 4.1 of the management agreement, encompasses attorney's fees. Without such recovery, Manager would not be fully indemnified, *defended,* or saved harmless. *Fisher Construction,* 320 S.W.2d at 211; *see also Ohio Oil Co.,* 365 S.W.2d at 627–28 (general agreement to save indemnitee harmless from liability for damages attributable to contractual operations entitled the indemnitee to "all reasonable expenses incurred in defending ... the claim asserted against him").

Owner directs our attention to sections 3.1 and 4.2 of the management agreement, which explicitly indemnify Keystone for attorney's fees incurred in the particular types of actions enumerated therein. Owner contends that the explicit provision for attorney's fees in those sections implies the exclusion of attorney's fees from section 4.1, under the legal maxim, *expressio unius est exclusio alterius.* We hold that Owner's contractual promise to "defend ... all suits in connection with the premises" includes the obligation to pay for the defense of such suits. Even the strict interpretation and narrow reading of the agreement urged by Owner would not permit disregard of the plain meaning of the language employed. *Young v. Kilroy Oil Company of Texas, Inc.,* 673 S.W.2d 236, 245 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). We hold that the trial court erred in disregarding the jury finding that Owner agreed to indemnify Manager for attorney's fees. We reverse this portion of the trial court's judgment and render judgment that Manager recover from Owner its reasonable attorney's fees as found by the jury.[2]

---

**2.** In response to Special Issue No. 9, the jury found reasonable attorney's fees for Manager in the amounts of $5,300 for trial preparation;

$5,000 for appeal to the Texas Court of Appeals; $3,000 for application for writ of error to the

We now turn to the two cross-points raised by Owner. First, Owner asserts that the trial court erred in failing to submit special issues inquiring whether Manager was negligent in the performance of its management duties. We disagree.

The trial court submitted an issue inquiring whether Manager materially breached the management agreement that it executed with Owner. The jury answered in the negative. The negligence issues that Owner requested were merely different shades or phases of the special issue submitted because the acts or omissions alleged as negligence would have constituted a breach of the management agreement. *See Williams v. Texas Refining, Inc.*, 617 S.W.2d 823, 825 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Del Monte Corp. v. Martin*, 574 S.W.2d 597, 598–99 (Tex.Civ.App.—San Antonio 1978, no writ); *see also* TEX.R.CIV.P. 279. Indeed, in pleading their cross-claim against Manager, Owner alleged that "[Manager's] negligence in failing to maintain accurate records and perform properly requested repairs ... would constitute a breach of the management agreement." Owner's requested issues were fairly included within the issue submitted; thus, we hold that the court did not err in refusing to submit the requested negligence issues.[3]

In their second cross-point, Owner contends that the trial court erred in disregarding jury findings that would have permitted them to recover damages and attorney's fees from Tenant. However, Owner did not file an appeal bond to perfect an independent appeal against Tenant. An appellee that fails to file an appeal bond cannot assert error against another appellee. *Stendebach v. Campbell*, 665 S.W.2d 557, 560 (Tex.App.—El Paso 1984, writ ref'd n.r.e.); *Horter v. Herndon*, 12 Tex. Civ.App. 637, 35 S.W. 559, 560 (Tex.Civ. App.1896, no writ); TEX.R.APP.P., R. 46(a). We affirm that portion of the trial court's judgment in Tenant's favor.

The trial court's judgment is reversed and rendered in part, and affirmed in part.

---

Texas Supreme Court; and $2,000 if the Texas Supreme Court grants a writ of error.

3. It was not objected below nor is it argued here that the issue as submitted propounded a question of law or a mixed question of law and fact to the jury. We express no opinion thereon.