v02084.ly2





 














NUMBER 13-02-084-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG 


 



ROSALIND JEAN GUERRA

INDIVIDUALLY AND AS EXECUTRIX

OF THE ESTATE OF OLIVIA GUERRA

SANDRA GUERRA, LILLIAN KAY

GUERRA, AND LEON GUERRA, JR., Appellants,



v.




AMERICAN EMPLOYERS' INSURANCE

COMPANY D/B/A COMMERCIAL UNION

AND OR COMMERCIAL UNION INSURANCE

COMPANIES AND LEONZO GUERRA, Appellees.

 

On appeal from the 92nd District Court of Hidalgo County, Texas.


 



MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Yañez

 

 Rosalind Jean Guerra, individually and as executrix of the estate of Olivia Guerra, Sandra Guerra, Lillian
Kaye Guerra, and Leon Guerra, Jr., appellants ("the Guerras"), seek reversal of a summary judgment in favor
of appellee, American Employers' Insurance Company ("AEIC"). We reverse and render judgment in favor of
the Guerras. 

 Leonzo Guerra ("Leonzo"), president of Guerra Funeral Home, Inc. ("Guerra Funeral"), was driving a vehicle
insured by AEIC when it collided head-on with a horse, resulting in the death of Leonzo's wife, Olivia Guerra,
who was a passenger in the vehicle. The Guerras originally brought a tort action against Leonzo. During
mediation, a dispute arose concerning the coverage available to the Guerras. AEIC offered to tender $20,000
for the loss of Olivia's life, as provided by the family exclusionary clause in the policy. The Guerras argued that
the family exclusionary clause did not apply and AEIC's coverage extended to the $500,000 policy limit. To
determine the amount of coverage available, the Guerras initiated a declaratory judgment action. By
cross-motions for summary judgment, the Guerras and AEIC sought declaratory judgment on the available
coverage amounts. The trial court granted summary judgment in favor of AEIC. The Guerras appeal, asking
this Court to render the judgment the trial court should have rendered. 

 We hold that the family exclusionary clause is inapplicable and reverse and render judgment in favor of the
Guerras. 

Standard of Review

 Where, as here, both parties move for summary judgment, each carries its own burden of establishing a right
to judgment. Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997). Neither party can
prevail solely because of the other party's failure to discharge its burden. See id. When counter-motions for
summary judgment are properly before the trial court at the time judgment is rendered, all the evidence
accompanying both motions should be considered in deciding whether to grant either party's motion. Dallas
County Appraisal Dist. v. Inst. for Aerobics Research, 766 S.W.2d 318, 319 (Tex. App.-Dallas 1989, writ
denied). Thus, when both parties file motions for summary judgment and one is granted and one is denied, we
review all questions presented. Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex. 1958). Where the only question
presented to the trial court is a question of law and both sides move for summary judgment, the appellate
court, if it reverses the trial court, should render the judgment that the trial court should have rendered. Jones
v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988);Cigna Lloyd's Ins. Co. v. Bradleys' Elec., Inc. 33 S.W.3d 102,
104 (Tex. App.-Corpus Christi 2000, pet. denied). 

Applicable Law

 In this declaratory judgment action, we must determine the applicability of a family exclusionary clause in the
business auto policy issued to Guerra Funeral by AEIC. The general rules of contract construction govern
insurance policy interpretation. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995). If the
written instrument is worded so that it can be given only one reasonable construction, it will be enforced as
written. Admiral Ins. Co. v. Rio Grande Heart Specialists of S. Tex., Inc., 64 S.W.3d 497, 502 (Tex.
App.-Corpus Christi 2001, pet. dism'd by agrm't) (citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v.
Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991)). The court may not resort to rules of contract
construction if the policy is unambiguous. Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 665 (Tex. 1987). 
When a contract is unambiguous, we determine the parties' rights and liabilities by giving legal effect to the
contract as written. Safeco Ins. Co. v. Gaubert, 829 S.W.2d 274, 281 (Tex. App.-Dallas 1992, writ denied). 
A contract is ambiguous when it is subject to more than one reasonable interpretation. McKee, 943 S.W.2d at
458. Generally, there is more than one way to interpret a contract, but that reason alone does not give rise to
ambiguity. Id. 

 Analysis 

The summary judgment evidence shows that the AEIC policy language is unambiguous. Both parties agree
that the policy language is unambiguous. The policy invokes only one reasonable interpretation. Therefore,
we must enforce the contract as written. Upshaw v. Trinity Cos., 842 S.W.2d 631, 633 (Tex. 1992).

 The declaratory page of the contract contains a highlighted box entitled "Named Insured and Mailing
Address." "Guerra Funeral Home, Inc." and its mailing address appear in the box. Guerra Funeral is the only
named insured listed in the box. To the right is a separate box containing the following:

 Form of Named Insured's Business:

 INDV/CORP

 Named Insured's Business:

 Funeral Home



Page one of the "Business Auto Coverage Form" states:



 Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. 

 Page one of a separate endorsement, entitled "Individual Named Insured," provides, in relevant part, "If
you are an individual, the policy is changed as follows." One of the "changes" which follows is the
exclusionary clause at issue in this case. Section B of the endorsement contains the following family
exclusionary clause:

We do not provide Liability Coverage for you or any family member forbodily injury to you or any family
member, except to the extent of the minimum limits of Liability Coverage required by the Texas Civil Statutes,
Article 6701h, entitled "Texas Motor Vehicle Safety-Responsibility Act." (emphasis in original). 



 Thus, the "Individual Named Insured" endorsement applies only if "you" are an individual. The policy defines
"you" as the Named Insured, which the declaratory page identifies as Guerra Funeral. The name of Leonzo
Guerra does not appear anywhere in the policy or the endorsements. As a result, Leonzo Guerra does not
qualify as "you" under the Individual Named Insured Endorsement, which contains the family exclusionary
clause. The "indv" designation on the declaratory page does not alter this conclusion.

 In McKee, the Texas Supreme Court addressed similar facts giving rise to an issue of insurance contract
construction. See McKee, 943 S.W.2d at 456. In that case, Grain Dealers Mutual issued a policy to Future
Investments, a company solely owned by McKee. Id. at 457. McKee's daughter, Kelly, was injured in a
one-car accident while riding as a passenger in a car driven by Kelly's step-sister, Delane. Id. at 456. Neither
Delane nor the car involved in the accident was covered under the Grain Dealers policy. Id. The policy
dispute involved whether Kelly belonged to any of the three categories of "who is an insured" under the
policy. Id. at 457. Like AEIC, McKee argued that the insurance policy issued to his company, Future
Investments, could reasonably be construed to include himself as the "you" to which the policy referred as the
named insured. Id. The Texas Supreme Court determined that McKee's interpretation was not reasonable
because the policy unambiguously provided that Future Investments was the named insured, and McKee's
status as the president and sole shareholder of the insured company, Future Investments, did not "equate him
with the insured company." Id. at 458. 

 Under Texas law, a corporation is a distinct legal entity separate from its shareholders. Id. By stipulated
fact, Guerra Funeral is a corporation. Thus, Leonzo Guerra is not assumed to be a named insured on the basis
of his status as president of Guerra Funeral. See id. 

 AEIC cites Hanson v. Republic Ins. Co., 5 S.W.3d 324, 329 (Tex. App.-Houston [1st Dist.] 1999, pet.
denied), in which the Houston Court of Appeals held an insurance policy's family exclusionary clause valid and
unambiguous. We find the facts of Hansondistinguishable. In Hanson, the policy involved was a
standard-form auto policy issued to Mr. Hanson, an individual, as the named insured. See id. at 326. Here,
the policy's named insured is Guerra Funeral, a corporation, which, by AEIC's admission, can have no family. 
Thus, the family exclusionary clause cannot apply to the named insured in this case. 

 Insurance companies generally draft the insurance policies they offer. See Pioneer Chlor Alkali Co. v. Royal
Indem. Co., 879 S.W.2d 920, 929 (Tex. App.-Houston [14th Dist.] 1994, no writ) (determining that,
generally, the terms and language of an insurance contract are chosen by the insurance company). Unlike a
contract fashioned to each party's particular interests, the policy issued to Guerra Funeral is a standard-form
contract, meant for mass distribution to a wide variety of consumers. In such circumstances, elections made by
an insured may invoke or render inert various provisions of insurance policy endorsements. See McKee, 943
S.W.2d at 458. Here, the named insured on the policy is Guerra Funeral; Leonzo Guerra is not identified as a
named insured. That omission rendered the family exclusionary clause inert. Persons like Leonzo Guerra,
who had permission to drive the corporation's vehicle, are covered under the policy. See Nat'l Union Fire Ins.
Co., 811 S.W.2d at 555. 

 AEIC drafted the terms and language of the contract. See Pioneer Chlor Alkali Co., 879 S.W.2d at 929. 
The named insured is Guerra Funeral. The language of the insurance contract here plainly labels "you" and
"your" as the named insured. Under the terms of the policy, the family exclusionary clause applies only if
"you" (Guerra Funeral, the named insured) are an individual. Because Guerra Funeral is not an individual, we
hold that the family exclusionary clause does not apply. 

 We reverse the trial court's judgment and render judgment in favor of the Guerras that the policy provides
$500,000 in coverage. 



 

 LINDA REYNA YAÑEZ

 Justice









Opinion delivered and filed this the

29th day of August, 2003.