

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00736-CV

Bret **CALI**,
Appellant

v.

**SISTERDALE GENERAL HOLDINGS, LLC**,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 16-300
Honorable Keith Williams, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  August 2, 2017

AFFIRMED

Bret Cali appeals a final judgment in which the trial court denied his claim to recover on a $1,000 bond, which Sisterdale General Holdings, LLC filed after it obtained a temporary restraining order against him. Because Cali failed to prove the issuance of the temporary restraining order caused him damages, we affirm the trial court's judgment.

## BACKGROUND

Sisterdale is a landlord and Cali is a tenant in a commercial lease that restricts Cali's use of the property to a general store. After Cali allegedly began leasing trailers as dwellings, offering

helicopter parking, and leasing kayaks for float trips on the Guadalupe River, Sisterdale sued Cali for breach of contract. Sisterdale also obtained a temporary restraining order against Cali enjoining him from conducting unauthorized activities on the property. The trial court set the bond amount at $1,000, and Sisterdale deposited $1,000 with the trial court clerk.

In a separate suit filed in justice court, Sisterdale commenced eviction proceedings against Cali and obtained an order of eviction. Then, in this suit, Sisterdale filed a notice of nonsuit, seeking an order of nonsuit on its breach of contract claims against Cali. The trial court signed an order granting Sisterdale's request for an order of nonsuit and dismissed the case. Before the trial court's plenary power expired, Cali filed a motion alleging Sisterdale wrongfully obtained the temporary restraining order and sought to recover the entire $1,000 bond.

The trial court heard Cali's claim to recover on the bond. At the hearing, Cali's counsel contended Sisterdale's nonsuit was an admission that Sisterdale wrongfully obtained the temporary restraining order and the temporary restraining order caused Cali to cease profitable lines of business. Sisterdale argued Cali was not injured by the temporary restraining order and denied Cali's factual assertions. No evidence was admitted during the hearing.[1] The trial court denied Cali's claim to recover on the bond, and Cali appeals.

## DISCUSSION

Cali argues the record establishes his entitlement to the $1,000 bond. "A person who obtains an injunction wrongfully is liable for damages caused by issuance of the injunction." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 685 (Tex. 1990). "To prevail upon this cause of action, the claimant must prove that the temporary restraining order or temporary injunction was issued or perpetuated when it should not have been, and that it was later dissolved." *Id.* at 685-86.

---

[1] On appeal, Cali does not argue the trial court erred by excluding any evidence he might have offered.

The claimant also "must prove that the issuance of the injunction caused him damages." *Goodin v. Jolliff*, 257 S.W.3d 341, 353 (Tex. App.—Fort Worth 2008, no pet.) (citing *DeSantis*, 793 S.W.2d at 686). "The damages recoverable in an action on an injunction bond are, of course, limited to the amount of the bond." *DeSantis*, 793 S.W.2d at 686. "The purpose of [an injunction] bond is to protect the defendant from the harm he may sustain as a result of temporary relief granted upon the reduced showing required of the injunction plaintiff, pending full consideration of all issues." *Id.*

Generally, "a civil litigant who asserts an affirmative claim for relief has the burden to persuade the finder of fact of the existence of each element of his cause of action." *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984). Accordingly, in wrongful injunction actions, it is the claimant who "must prove that the issuance of the injunction caused him damages." *Goodin*, 257 S.W.3d at 353; *see Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147, 167 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Safeco Ins. Co. of Am. v. Gaubert*, 829 S.W.2d 274, 278 (Tex. App.—Dallas 1992, writ denied). In *Goodin*, the court of appeals "h[e]ld that the trial court erred by releasing the security amount to [the defendant] in the absence of any . . . proof that she was damaged by the issuance of the temporary injunction." 257 S.W.3d at 353. And in *Safeco*, the court of appeals noted "[the claimant] had the burden to prove that the injunction resulted in damages to recover on the bond." 829 S.W.2d at 278.

Cali argues that under the facts of this case, damages are presumed. He relies on a 1909 case from the Supreme Court of Errors of Connecticut in which the court opined, "it was for the plaintiff to show that the defendants had suffered no damage, and not for the defendants to demonstrate that they had suffered loss by obeying the injunction order." *Lawlor v. Merritt*, 72 A. 143, 145 (Conn. 1909). The *Lawlor* court cited no authority for this proposition, and we are aware of no other court that has relied on *Lawlor* for this proposition. Moreover, the holding in *Lawlor*

is that the trial court's finding of damages was supported by plaintiff's concession of facts showing economic loss resulting from the temporary restraining order. *Id.* at 145. Here, however, the trial court denied relief, and Sisterdale did not concede Cali suffered any damages, but instead "disagree[d] with all the facts" Cali presented.

Cali argues on appeal that he "has suffered lost profits and been denied due process under the United States Constitution." At the hearing in the trial court, counsel argued the issuance of the temporary restraining order caused him to cease profitable lines of business. "However, argument of counsel is not evidence." *Tex. Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ). The trial court admitted no evidence at the hearing on Cali's claim to recover on the bond, and thus there is no evidence showing the issuance of the temporary restraining order caused him damages. Because Cali failed to prove the issuance of the temporary restraining order caused him damages, the trial court correctly denied his claim to recover on the bond. *See Goodin*, 257 S.W.3d at 353; *Safeco*, 829 S.W.2d at 278.

### CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice