**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Appellant,

v.

**Ruby Faye HARPER, Appellee.**

No. 17929.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 2, 1978.

Don Gladden and Charles Padorr, Fort Worth, for appellant.

George C. Thompson & Associates, Inc., and Lynne Loeffler and Steve Sucsy, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This suit was brought by United States Fidelity and Guaranty Company (USF&G) against Ruby Faye Harper (Harper) to recover the sum of $4000.00 paid by USF&G as surety on a guardian's bond whereon Harper was the principal. Both parties moved for summary judgment. The trial court granted Harper's motion for summary judgment on the basis that USF&G's cause of action was barred by the two-year statute of limitation as provided by art. 5526.[1]

We REVERSE the judgment of the trial court and RENDER judgment that United States Fidelity and Guaranty Company recover from Ruby Faye Harper the sum of $4000.00 plus interest at the judgment rate of 9% per annum from March 10, 1977, until paid. (In its petition, USF&G only sought interest on the $4000.00 from the date of judgment. Accordingly, its relief shall be limited by its prayer.)

On July 9, 1970, USF&G as surety executed a guardian's bond, which was filed in the Superior Court of the State of California for the County of Alameda in Cause No. 186943 in the Matter of the Guardianship of the Person and Estate of Leola Hewitt, an incompetent person. In that proceeding, Harper was appointed guardian and

USF&G was surety on the guardian's bond. At a hearing on May 6, 1971, Harper was removed as guardian and a successor guardian was appointed. At an August 30, 1971 hearing, the court found that Harper had wasted and mismanaged the ward's estate and ordered that the guardian's bond be forfeited with the bond's proceeds to be paid to the successor guardian. This order was signed on October 21, 1971. On December 21, 1971, pursuant to the court's order, USF&G paid the sum of $4000.00 to the successor guardian. On January 16, 1975, USF&G filed suit against Harper in the district court of Tarrant County, seeking judgment in the amount of $4000.00.

By its sole point of error, USF&G contends that the trial court erred in applying the two-year statute of limitations as provided by art. 5526 to its cause of action.

Art. 5528 provides:

"All suits on the bond of any executor, administrator or guardian shall be commenced and prosecuted within four years next after the death, resignation, removal or discharge of such executor, administrator or guardian, and not thereafter."

A surety on a guardianship bond who has been compelled to fulfill a principal's obligation is entitled to be subrogated to all the rights of the ward or his estate. *United States Fidelity & Guaranty Co. v. Adoue & Lobit*, 104 Tex. 379, 137 S.W. 648 at 652 (1911), motion for rehearing overruled at 104 Tex. 379, 138 S.W. 383 (1911); 53 Tex.Jur.2d *Subrogation* § 18 (1964); 73 Am.Jur.2d *Subrogation* § 58 (1974).

Here, the ward's cause of action is governed by the four-year statute of limitations as provided by art. 5528; therefore, since the surety stands in the position of the ward, art. 5528 is likewise applicable to the surety's cause of action. We hold that art. 5528 is the applicable statute of limitations governing USF&G's cause of action. By its original petition, USF&G has alleged sufficient facts to entitle it to relief by way of subrogation, even though it did not include the term "subrogation."

1. All statutory references are to Tex.Rev.Civ.Stat.Ann.

632

We sustain USF&G's sole point of error.

■ At the trial below, both parties moved for summary judgment. None of the facts in this case are disputed. In the procedural situation before us, it is the obligation of this court to render the judgment that the trial court should have rendered. *Gulf, Colorado & Santa Fe Railway v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958). Accordingly, we REVERSE the judgment of the trial court and RENDER judgment that United States Fidelity and Guaranty Company recover from Ruby Faye Harper the sum of $4000.00 plus interest at the judgment rate of 9% per annum from March 10, 1977, until paid. All costs are taxed against Harper.