**OLD REPUBLIC SURETY COMPANY, Appellant,**

v.

**Clarence PALMER, Appellee.**

No. 06–98–00177–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 21, 1999.

Decided Nov. 1, 1999.

George Dennis Sullivan, William O. Holston, Sullivan Ave & Holston, Dallas, for appellant.

Curtis T. Hinshaw, III, Attorney at Law and Mediator, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

This appeal arises from a suit by a surety, Old Republic Surety Company (ORSC), against its principal, Clarence Palmer (Palmer), for recovery under an

indemnity agreement of attorney's fees, costs, and damages paid in the settlement of a prior lawsuit. The County Court at Law of Harrison County denied ORSC any recovery under its indemnity agreement with Palmer. We reverse the judgment and render judgment for ORSC in the amount of $16,908.00.

In October 1989, Palmer was appointed guardian of the person and the estate of his mother, Lola Palmer. As required by the Probate Code, Palmer obtained a statutory guardianship bond in the sum of $100,000.00 from Lawyers Surety Corporation (predecessor to ORSC), and the bond was approved by the trial court. The bond was conditioned "that [Palmer] ... shall well and truly, and faithfully perform all the duties required of him [as guardian]." In connection with the bond, Palmer signed an indemnity agreement with ORSC in which he agreed to indemnify ORSC for "all loss, liability, costs, claim damages, and expense, ... including but not limited to ... the fee and disbursement of counsel ... which the Company may sustain or incur for or by reason of said Company writing said bond(s)." The agreement further authorized ORSC "to adjust, settle or compromise any claim, demand, suit or judgment upon said bond(s) and defend such suit and appeal such judgment...."

In. November 1992, the ward, Lola Palmer, died. After Palmer's death, her heirs filed suit against Clarence Palmer and ORSC, alleging that Palmer had breached his fiduciary duties as guardian, grossly mismanaged assets, wrongfully appropriated assets, and made reckless expenditures from the estate's assets. ORSC filed a cross-action against Palmer, asserting a right to indemnification for all sums it might be required to pay on the bond. After two and one-half years of trial preparation, the trial court ordered the case to mediation, and the heirs' suit against ORSC and Palmer was ultimately settled. ORSC paid $7,500.00 under the settlement, while Palmer paid $10,000.00 and waived his interest in the estate.

In August 1994, ORSC proceeded to trial on its claim for indemnity against Palmer. After a bench trial on the merits, the trial court rendered judgment denying ORSC recovery against Palmer and entered findings of facts and conclusions of law supporting the judgment. ORSC filed a motion for new trial, which the trial court overruled. The trial court then entered amended findings of facts and conclusions of law, which, summarized and paraphrased, found the following: no liability was established against Clarence Palmer, either individually or as guardian; Old Republic Surety Company was not liable to pay any sum to settle the disputed matters; Clarence Palmer was not liable to indemnify Old Republic Surety Company for attorney's fees, settlement monies, or costs voluntarily paid; reasonable attorney's fees for Old Republic Surety Company are $95.00 per hour for services from September 20, 1994 to December 31, 1996 and $105.00 per hour from January 1, 1997 to September 24, 1997; billing travel time from Dallas, Texas, was not reasonable or necessary in the Marshall–Longview area; indemnification of Old Republic Surety Company where ORSC freely and voluntarily entered into a settlement, without liability on the part of Clarence Palmer, renders the requirement of having a bond useless, makes a corporate surety bond nothing more than a personal surety bond, runs contrary to the spirit of the statutes requiring a bond, results in a windfall, and violates public policy; and the indemnification agreement is ambiguous and must be strictly construed against the indemnitee.

On appeal, ORSC asserts that the trial court erred by: (1) finding that the indemnity agreement is ambiguous when the affirmative defense of ambiguity was neither pleaded nor tried by consent, (2) finding that the indemnity agreement is ambiguous as a matter of law, (3) finding that Palmer had no duty to indemnify ORSC, because the underlying claim was settled,

and neither ORSC nor Palmer was held liable in a court of law, and (4) finding that indemnification renders the requirement of having a bond useless, makes a corporate surety nothing more than a personal surety, runs contrary to the spirit of the statutes, results in a windfall, and violates public policy.

When the trial court files findings of fact and conclusions of law, we review the legal conclusions to determine their correctness. *Old Republic Ins. Co. v. Fuller,* 919 S.W.2d 726 (Tex.App.-Texarkana 1996, writ denied). Our review of conclusions of law is de novo. *Dallas County v. Sweitzer,* 881 S.W.2d 757, 763 (Tex.App.-Dallas 1994, writ denied); *Hydrocarbon Management, Inc. v. Tracker Exploration, Inc.,* 861 S.W.2d 427, 431 (Tex.App.-Amarillo 1993, no writ.). Conclusions of law are not binding on the appellate court; rather, we are free to draw our own legal conclusions. *Austin Hardwoods, Inc. v. Vanden Berghe,* 917 S.W.2d 320, 322 (Tex.App.-El Paso 1995, writ denied); *Connelly v. Paul,* 731 S.W.2d 657, 661 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

First, we determine whether the trial court erred in finding that the indemnity agreement is ambiguous. In construing a contract, a court's primary duty is to give effect to the written expression of the parties' intent. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132 (Tex.1994). To achieve this objective, the court should consider the entire instrument in an effort to harmonize and give effect to all its provisions so that none will be rendered meaningless. *Coker v. Coker,* 650 S.W.2d 391 (Tex.1983). When possible, the court should avoid a construction that is unreasonable, inequitable, or oppressive. *Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527 (Tex.1987).

The question of whether a contract is ambiguous is one of law for the court. *Heritage Resources, Inc. v. NationsBank,* 939 S.W.2d 118 (Tex.1996). In determining whether a contract is ambiguous, we consider the contract as a whole, in light of the circumstances existing at the time it was executed and bearing in mind the particular business activity the contract sought to serve. *Reilly v. Rangers Management, Inc.,* 727 S.W.2d at 529–30. A contract will be held to be ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one interpretation. *Heritage Resources, Inc. v. NationsBank,* 939 S.W.2d at 121. Not every difference in the interpretation of a contract amounts to an ambiguity—neither conflicting expectations nor disputation is sufficient to create an ambiguity. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d at 134. If a written instrument is worded so that it can be given a definite legal meaning, it is not ambiguous, and the court must construe the contract as a matter of law. *Coker v. Coker,* 650 S.W.2d at 393.

Ambiguity of contract is an affirmative defense that must be pleaded. Tex.R. Civ. P. 94; *Gulf & Basco Co. v. Buchanan,* 707 S.W.2d 655, 656 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.). Generally, a trial court cannot grant relief that is not pleaded. *Oil Field Haulers Ass'n v. Railroad Comm'n,* 381 S.W.2d 183, 191 (Tex.1964). However, the Texas Supreme Court has held that a court may conclude that a written instrument is ambiguous even in the absence of such a pleading, if the issue is tried by consent or the language in question is so ambiguous as to *require* a trial on the issue. *Sage Street Assocs. v. Northdale Constr. Co.,* 863 S.W.2d 438, 445 (Tex.1993); *White v. Moore,* 760 S.W.2d 242, 244 (Tex.1988). Also, the Supreme Court has at times abandoned the Rule 94 pleading requirement when the affirmative defense is apparent from the face of the pleadings. *See Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933

(Tex.1992) (pertaining to the defense of immunity); *Phillips v. Phillips,* 820 S.W.2d 785 (Tex.1991) (pertaining to the defense of penalty); *Lewkowicz v. El Paso Apparel Corp.,* 625 S.W.2d 301, 303 (Tex. 1981) (pertaining to the defense of illegality).

■ On appeal, Palmer contends that the indemnity agreement is ambiguous when read with the bond's condition that the guardian will "well and truly, faithfully perform all the duties required of him under said appointment." According to Palmer, the contract may be construed either to mean that Palmer must indemnify ORSC even if he well and faithfully performs his duties, or to mean that it must indemnify only if he does not well and faithfully perform his duties.

Assuming, without deciding, that the defense of ambiguity was raised before the trial court, we conclude that the trial court erred in holding the indemnity agreement to be ambiguous. The agreement as a whole is reasonably susceptible to only one meaning. The parties intended that ORSC have the authority to defend and settle any lawsuit on the bond, and that Palmer would indemnify ORSC for whatever amount it expended in defending or settling such lawsuits. The condition of the bond that the guardian will "well and truly, faithfully perform all the duties required" is required by Section 724 of the Texas Probate Code.[1] This condition merely reflects the legal standard for determining the surety's liability on the bond,[2] and it does not in any way alter the guardian's obligation to indemnify the surety. We conclude that the indemnity agreement in the bond is unambiguous as a matter of law. There is no need to consider whether the pleadings were sufficient to raise the defense of ambiguity.

■ Looking next at points three and four, we must decide whether the trial court erred in denying ORSC recovery under the indemnity agreement. We construe indemnity agreements under the normal rules of contract construction. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 284 (Tex.1998). If the contract is unambiguous, we will give legal effect to the contract as written. *Ideal Lease Serv., Inc. v. Amoco Prod. Co.,* 662 S.W.2d 951, 953 (Tex.1983).

■ When a surety is granted the contractual right to settle a claim without a judicial determination of liability, that right will be enforced as written, and the principal will be bound to reimburse the surety for the amount it has paid in settlement. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d at 282–85; *Safeco Ins. Co. of Am. v. Gaubert,* 829 S.W.2d 274, 282 (Tex.App.-Dallas 1992, writ denied). Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle claims without an adjudication. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d at 285 (*citing Ford v. Aetna Ins. Co.,* 394 S.W.2d 693 (Tex.Civ.App.-Corpus Christi 1965, writ ref'd n.r.e)). Where the surety is given the unqualified right to settle claims, it is immaterial whether the surety and its principal are legally liable on the bond. *Safeco Ins. Co. of Am. v. Gaubert,* 829 S.W.2d at 282; *Ford v. Aetna Ins. Co.,* 394 S.W.2d at 698. Moreover, the surety does not owe a common-law duty of good faith and fair dealing

---

1. Section 724 requires the bond to be conditioned that the guardian "well and truly" administer the guardianship and Section 700 requires the guardian to take an oath to discharge "faithfully the duties" required of him. Similar boilerplate language is used in the exemplar bond in Section 704 of the Probate Code. TEX. PROB.CODE ANN. §§ 700, 704, 724 (Vernon Supp.1999).

2. In other words, a cause of action on the bond is predicated on a breach of the condition of the bond. *Cf. Safeco Ins. Co. of Am. v. Gaubert,* 829 S.W.2d 274 (Tex.App.-Dallas 1992, writ denied) (pertaining to injunction bonds).

to its principal. *Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1,* 908 S.W.2d 415 (Tex.1995). An unambiguous contractual right to indemnification on a settlement is absolute, unless the principal raises and proves an affirmative defense such as fraud. *Safeco Ins. Co. of Am. v. Gaubert,* 829 S.W.2d at 282; *Ford v. Aetna Ins. Co.,* 394 S.W.2d at 698.

The indemnity agreement here unambiguously authorized ORSC "to adjust, settle or compromise any claim, demand, suit or judgment upon said bond(s) and defend such suit and appeal such judgment...." Palmer did not raise any defense that would defeat this contractual right. ORSC therefore had an absolute right to indemnification for the amounts it expended in settling and defending claims on the bond. ORSC is entitled to recover from Palmer under the indemnity contract for the amounts it paid in settlement and defense, despite the fact that there has been no judicial determination of liability of the underlying claim.

■ Furthermore, we conclude that the trial court erred in finding that a surety's right to indemnity "renders the requirement of having a bond useless, makes a corporate surety bond nothing more than a personal surety bond, runs contrary to the spirit of the statutes requiring a bond, and violates public policy."

■ Guardianship bonds are required for the purpose of protecting the ward's estate and its creditors. TEX. PROB.CODE ANN. §§ 703, 724 (Vernon Supp.1999); *Gabriel v. Snell,* 613 S.W.2d 810 (Tex.Civ. App.-Houston [14th Dist.] 1981, no writ). This purpose is not defeated, and thus the bond is not rendered useless, by giving sureties the right to indemnity. Indemnity agreements do not run contrary to the spirit of the statutes requiring bonds. Even without an indemnity agreement, a surety on a guardianship bond who pays the debt of its principal has an equitable right at common law to indemnification. *Crimmins v. Lowry,* 691 S.W.2d 582, 585

(Tex.1985); *United States Fidelity and Guar. Co. v. Harper,* 561 S.W.2d 630 (Tex. Civ.App.-Fort Worth 1978, no writ).

■ An indemnity agreement does not transform a corporate surety into a personal surety. We assume that the trial court meant by this finding that requiring a principal to indemnify his surety in effect makes the principal his own personal surety. A guardian's bond, however, is to protect the estate, not the principal. And ancient common law and statutory principles have firmly established the right of a corporate surety to obtain indemnity from its principal for the amounts it has paid on the bond. *See Fox v. Kroeger,* 119 Tex. 511, 35 S.W.2d 679 (1931), and cases there cited.

■ Finally, a guardianship bond with an indemnity agreement applying to settlement does not violate public policy. The Texas Supreme Court has said:

> There is nothing wrong or unreasonable, or against public policy, in this stipulation. Parties sui juris may lawfully make such stipulations, and are bound by them.... The expense, delay, trouble, and risk of loss to the guarantee company is a sufficient safeguard against an unwarranted payment; and without such a stipulation as complained of here, guarantee companies could not safely do business anything like as cheaply as they do, and to the evident advantage of the parties and of the general public.

*Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d at 284 (*quoting Fidelity & Cas. Co. of New York v. Harrison,* 274 S.W. 1002, 1004–05 (Tex.Civ.App.-Fort Worth 1925, writ ref'd)).

■ The indemnity agreement involved here is valid and enforceable. ORSC is entitled to recover from Palmer the amount it paid in settlement and defense of the heirs' claims.

ORSC was entitled to reasonable attorney's fees as found by the trial court. We are able to calculate the total of those fees

by referring to the uncontroverted evidence and the reasonable hourly charge and travel reimbursements found by the trial court.

For the reasons stated, we reverse the judgment below and here render judgment for ORSC against Clarence Palmer for the sum of $7,500.00 plus $9,408.00 attorney's fees, together with costs in the trial court and in this Court.