**Opinion filed January 22, 2009**



In The

# Eleventh Court of Appeals

_____

### Nos. 11-07-00157-CR & 11-07-00158-CR

_____

### JOHN JACOB ROUSSEAU, Appellant
### V.
### STATE OF TEXAS,  Appellee

---

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. C-33,288 & C-33,289**

---

### M E M O R A N D U M   O P I N I O N

These appeals arise from a single trial wherein John Jacob Rousseau was convicted of multiple offenses of aggravated sexual assault of a child and indecency with a child.  In Cause No. 11-07-00157-CR, appellant was charged with six counts of aggravated sexual assault and two counts of indecency with a child with regard to a child victim referred to in the indictment as "C.I."[1] The jury convicted appellant of all of the alleged counts.  The jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ninety-nine years each on the first and second counts of aggravated sexual assault; for a term of

---

[1]Each of the six counts of aggravated sexual assault with a child alleged in the indictment in Cause No. 11-07-00157-CR charged appellant with a different offense under TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon Supp. 2008), and the two counts of indecency with a child alleged different offenses under TEX. PENAL CODE ANN. § 21.11 (Vernon 2003).

sixty years each on the third, fourth, fifth, and sixth counts of aggravated sexual assault; and for a term of twenty years each on both counts of indecency with a child.

In Cause No. 11-07-00158-CR, appellant was charged with nine counts of aggravated sexual assault and two counts of indecency with a child with regard to a child victim referred to in the indictment as "C.H."[2] The jury acquitted appellant of the second, fourth, fifth, and sixth counts of aggravated sexual assault. The jury convicted appellant of the remaining counts of aggravated sexual assault and both counts of indecency with a child. The jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixty years each on the first, third, seventh, eighth, and ninth counts of aggravated sexual assault and for a term of twenty years each on both counts of indecency with a child.

The trial court ordered that all of appellant's sentences run concurrently. Appellant challenges his convictions in three issues. We affirm.

*Factual Background*

C.I. and C.H. were appellant's stepdaughters. C.I. was six years old at the time of the alleged offenses and C.H. was eight. C.I. testified that appellant touched her "butt" and "front" "private spots" with his hand and "his private spot" a lot of times. A nurse examiner that examined C.I. found three well-healed tears of C.I.'s hymen that she testified could only be caused by vaginal penetration.

C.H. testified that appellant sexually assaulted her on numerous occasions by touching "his private part" with her "private part" and her "butt." She also testified that appellant touched her private part and her butt with his hand and that one occasion he touched her private with his mouth. C.H. further testified that appellant rubbed her private and her butt with a "fake private boy part."

*Analysis*

We note at the outset that appellant does not challenge the sufficiency of the evidence supporting his convictions. In his first issue, appellant contends that the prosecutor improperly commented during closing argument on his failure to testify. A comment on a defendant's failure to testify offends both the Texas and United States Constitutions, as well as Texas statutory law. U.S. CONST. AMEND. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon

---

[2]Each of the nine counts of aggravated sexual assault with a child alleged in the indictment in Cause No. 11-07-00158-CR charged appellant with a different offense under Section 22.021(a)(1)(B), and the two counts of indecency with a child alleged different offenses under Section 21.11.

2

2005).  A prosecutor's comment amounts to an impermissible comment on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify.  *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

Appellant challenges the following argument made by the prosecutor during closing argument:

> You tell me who has a reason to lie here today?  Who is the only person that has a reason to lie in this courtroom, in any statement they give or anybody that testifies for them?  They are sitting right over there (indicating) and [appellant] started it all off with that statement he gave to Grissom and Trujillo.

Appellant's trial counsel did not object to the prosecutor's argument at the time that it was made.  When a defendant fails to object to a jury argument or fails to pursue an objection to a jury argument to an adverse ruling, he forfeits his right to complain about the jury argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Thus, appellant waived this issue for appellate review.  Even if trial counsel had preserved this complaint, however, we conclude that the challenged argument did not constitute an impermissible comment on appellant's failure to testify at trial.  Appellant offered into evidence a videotape of a lengthy statement that he gave to Deputies Christina Grissom and David Trujillo wherein he denied committing the charged offenses.  The challenged argument clearly relates to appellant's statements to the deputies rather than a comment on his failure to testify at trial.  The prosecutor's argument in this case is analogous to the argument reviewed in *Cruz* wherein the prosecutor's argument addressed a written statement from the defendant that was offered into evidence.  *Cruz*, 225 S.W.3d at 549-50.  Appellant's first issue is overruled.

In his second issue, appellant contends that the trial court erred in admitting State's Exhibit No. 12 into evidence.  The challenged exhibit consisted of a manilla envelope containing a miniature dildo, two packages of condoms, and an adult magazine.  Appellant's trial counsel objected to the exhibit under TEX. R. EVID. 403 on the basis that its probative value was outweighed by its prejudicial effect.  We disagree.

In reviewing the trial court's decision on the admission of evidence, appellate courts use the abuse of discretion standard.  *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  The trial court's ruling will not be reversed

3

unless that ruling falls outside the zone of reasonable disagreement. *Torres*, 71 S.W.3d at 760; *Burden*, 55 S.W.3d at 615. When a party objects to the admission of evidence on the basis of Rule 403, the trial court is required to balance the probative value against the potential for prejudice. *Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991). A Rule 403 balancing test includes the following factors: (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 & n.8 (Tex. Crim. App. 2006). The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). When determining whether evidence is admissible under Rule 403, we do not consider just whether the evidence is more prejudicial than probative; we consider whether the probative value is substantially outweighed by the danger of unfair prejudice. *Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006).

In Cause No. 11-07-00158-CR, the eighth and ninth aggravated sexual assault counts charged appellant with penetrating the female sexual organ and anus of C.H. with an object. As set forth above, C.H. testified that appellant sexually assaulted her with a "fake private boy part." Accordingly, the miniature dildo possessed significant probative value. The prejudicial value of the adult magazine contained in the exhibit is limited because there was other evidence that appellant and his spouse possessed pornography in their home. Finally, the presence of condoms in a married couple's home would not readily appear to be prejudicial. We conclude that the trial court did not abuse its discretion in determining that the prejudicial effect of the items did not substantially outweigh their probative value. Appellant's second issue is overruled.

Appellant alleges ineffective assistance of trial counsel in his third issue. To determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result

4

would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and an appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id*.

Appellant alleges five instances where his trial counsel's conduct was deficient. The first instance involves trial counsel's failure to object to the prosecutor's jury argument that we addressed in the first issue. As noted above, the trial court's failure to object was of no consequence because the prosecutor's argument did not constitute an impermissible comment on appellant's failure to testify. To show ineffective assistance of counsel based on the failure to object during trial, appellant must show the trial court would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Accordingly, trial counsel's failure to object to the argument cannot constitute the basis of a claim of an ineffective assistance of counsel.

The second, third, and fifth instances of trial counsel's alleged deficient conduct involved his failure to object to the court's charge or make a motion for acquittal on the basis that there was no legally or factually sufficient evidence of appellant's guilt. Appellant suggests that he was harmed on appeal by trial counsel's failure to raise evidentiary challenges at the trial court level. Appellant is incorrect in making this assertion because the legal sufficiency and the factual sufficiency of the State's evidence may be challenged for the first time on appeal. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) (legal sufficiency challenge); *see Grayson v. State*, 82

S.W.3d 357, 358-59 (Tex. App.—Austin 2001, no pet.) (factual sufficiency claim). Moreover, the evidence recited in this opinion indicates that the State offered significant evidence of appellant's guilt.

Lastly, appellant contends that trial counsel rendered ineffective assistance of counsel by failing to present favorable character evidence during the punishment phase in mitigation of punishment. Appellant fails to identify the mitigating evidence he claims should have been presented. As noted above, an allegation of ineffective assistance must be firmly founded in the record. *Thompson*, 9 S.W.3d at 814. The record does not affirmatively demonstrate the alleged ineffectiveness asserted by appellant because it is devoid of any reference to any mitigation evidence trial counsel might have offered on behalf of appellant or trial counsel's reasoning for not offering such evidence. Appellant's third issue is overruled.

*This Court's Ruling*

The judgments of the trial court are affirmed.


TERRY McCALL

JUSTICE


January 22, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6