In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00040-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0003

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM OPINIO N

 

            Calvin Wayne
Burnham appeals from his convictions by the trial court on four charges of
aggravated sexual assault of a child and four charges of indecency with a
child.  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the State’s second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

            We addressed
these issues in detail in our opinion of this date on Burnham’s appeal in cause
number 06-10-00038-CR.  For the reasons
stated therein, we likewise conclude that reversible error has not been shown
in this case.

            We affirm
the trial court’s judgment.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          December
14, 2010     

Date Decided:             December
15, 2010

 

Do Not Publish

 

 











[1]Burnham
appeals from four convictions for aggravated sexual assault of a child and four
convictions for indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.









n:yes'>  Sonat Exploration Co., 271 S.W.3d at
236.  The Texas Supreme Court then
remanded the indemnity dispute to the trial court “for further proceedings
applying Louisiana law.”  Id. at 238. 

            After
remand, Cudd filed its second amended answer in May 2009.  Sonat claims this amended answer amounts to a
withdrawal of Cudd’s earlier affirmative defense (filed prior to the Rule 11
agreement) that “Louisiana’s Oilfield Anti-Indemnity Statute bars Sonat’s
Indemnity claims.”  According to Sonat, Cudd’s
second amended answer makes no mention of “that affirmative defense under
Louisiana law,”[1]
and claims the legal significance of this amended answer is central to this
appeal.  

            After
filing its second amended answer, Cudd filed a motion for summary judgment in
July 2009, contending, among other things, that Sonat’s negligence in causing
the oil field blowout barred its indemnity claim under the LOAIA.  In September 2009, Cudd filed its third
amended answer, which included this additional affirmative defense:  “Cudd pleads the effects of the applicable
oilfield anti-indemnity statute as determined by the Texas Supreme Court.”[2]
 In October 2009, the trial court denied
Cudd’s motion for summary judgment.[3]  

            Then,
in January 2010, Lumbermens filed a petition in intervention which was stricken
by the trial court in April of that year.[4]
Shortly thereafter, on April 9, Sonat filed a stipulation with the trial court
resolving the issue of its negligence: 
“For purposes of this civil action (Cause No. 99-0199-1) and any
associated appeals, Sonat stipulates that it bears some fault relating to the
blowout of the Well.”[5]  Cudd renewed its motion for summary judgment
in May 2010, contending that in light of Sonat’s stipulation of “some fault”
relating to the well blowout, Cudd was entitled to judgment as a matter of law
because Sonat’s fault barred its indemnity claim under the LOAIA.  The motion specifically stated “if Sonat had
any fault whatsoever, the Louisiana Oilfield Anti Indemnity Act (LOAIA), La.
Rev. Stat. Ann. 9:2780, bars Sonat’s claim for indemnity . . . .”  Sonat filed a cross-motion for summary
judgment on liability and damages.[6]
 Lumbermens then filed a second petition
in intervention along with its supplemental answer in June.[7]  Shortly thereafter, Sonat filed a second
motion to strike Lumbermens’ intervention. 
This motion was set for hearing on July 1, 2010.  There is no record of a hearing on this
motion, and there is no order striking Lumbermens’ second petition in
intervention.  

            The
trial court entered its order granting renewed summary judgment in favor of
Cudd and denying Sonat’s cross-motion for summary judgment.  Sonat appeals this judgment.[8]  We affirm the judgment of the trial court.

II.        Standard of Review

            “When both sides
move for summary judgment, as they did here, and the trial court grants one
motion and denies the other, reviewing courts consider both sides’
summary-judgment evidence, determine all questions presented, and render the
judgment the trial court should have rendered.” 
Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd’s London,
327 S.W.3d 118, 124 (Tex. 2010) (citing Embrey
v. Royal Ins. Co. of Am., 22 S.W.3d 414, 415–16 (Tex. 2000)).  

III.       Appellate Issues

            On appeal, Sonat
claims the trial court erred in granting summary judgment in Cudd’s favor
because Cudd withdrew the affirmative defense of the LOAIA on remand after the
Texas Supreme Court’s 2008 ruling.  Sonat
further claims the trial court erred in denying Sonat’s summary judgment on
damages, attorney’s fees and judicial interest. 
Finally, Sonat contends that Lumbermens was not an intervenor in the
proceedings below, and if it was, the trial court erred in failing to strike
Lumbermens’ second petition in intervention. 

            A.        The Trial Court Correctly Applied the LOAIA

            Sonat
agrees that on remand, both sides wanted the trial court to decide the case on
summary judgment by resolving a single issue: 
could Cudd take advantage of the LOAIA, which meant Sonat would lose, or
had Cudd waived its opportunity to assert the LOAIA, in which case Cudd would
lose.  Sonat’s argument in the trial
court and on appeal is surprisingly straightforward, given the complex history
of this litigation.  Sonat simply claims
that even though the Texas Supreme Court determined that Louisiana law applies
to this indemnity dispute, the LOAIA is an affirmative defense, which must be
pled and proved.  Sonat contends that
because Cudd failed to plead this affirmative defense, it was not entitled to
rely on its provisions to bar Sonat’s indemnity claim.

            The indemnity agreement here
provides that:

Contractor [i.e., Cudd]
agrees to RELEASE, DEFEND, INDEMNIFY and HOLD HARMLESS Company [i.e., Sonat] .
. . from and against any and all claims . . . directly or indirectly arising
out of or related to bodily injury or death of or damage to property of
Contractor . . . in any way, directly or indirectly, arising out of, or related
to, the performance or subject matter of this Agreement . . . and expressly
including any sole or concurrent negligence, fault or strict liability (of
whatever nature or character) of Company . . . .

 

The Texas Supreme Court
determined Louisiana law applies to this indemnity dispute.  Sonat
Exploration Co., 271 S.W.3d at 236. 
In discussing its decision to remand this case to the trial court, the
Texas Supreme Court observed that without a finding of negligence or strict
liability on the part of Sonat, the plain terms of Louisiana law do not appear
to apply:

Any provision contained in, collateral to, or affecting
an agreement pertaining to a well for oil, gas, or water, or drilling for
minerals which occur in a solid, liquid, gaseous, or other state, is void and
unenforceable to the extent that it purports to or does provide for defense or
indemnity, or either, to the indemnitee against loss or liability for damages
arising out of or resulting from death or bodily injury to persons, which is caused
by or results from the sole or concurrent negligence or fault (strict
liability) of the indemnitee,
or an agent, employee, or an independent contractor who is directly responsible
to the indemnitee.  

 

La.
Rev. Stat. § 9:2780(B).

Id. at 238. 

            Sonat
maintains that this anti-indemnity provision is an affirmative defense which
must be pled and proved, likening this statute to a comparable Texas statute
known as the Texas Oilfield Anti-Indemnity Act. 
Tex. Civ. Prac. & Rem. Code
§§ 127.001–.008 (Vernon 2011).  In
support of its assertion that the LOAIA is an affirmative defense that must be
raised by an indemnitor, Sonat relies on Nerco
Oil & Gas, Inc. v. M.R. Friday, Inc., 816 F. Supp. 429 (W.D. La.
1993).  In that case, Nerco, the oil field
production unit operator, brought an action for indemnification against its
subcontractor, M.R. Friday, Inc., for payments made by Nerco as a result of an
explosion at a facility maintained by Friday on behalf of Nerco.  Friday asserted that indemnification was
prohibited by the LOAIA and filed a motion for summary judgment.  After analyzing the application of the Act
relative to the underlying facts, the court determined that the Act applied and
granted summary judgment in favor of Friday. 
The question of whether the LOAIA is properly classified as an
affirmative defense was not a contested issue; the only comment regarding this
issue was this statement that “[t]he defendants have filed an answer asserting
defenses, including the frequently litigated Louisiana Oilfield Anti-Indemnity
Act.”  Id. at 430.  

            Sonat
also relies on King v. I.E. Miller of
Eunice, Inc., 970 So. 2d 703, 704
(La. App. 3d Cir. 2007) (referring to LOAIA as “affirmative defense”), and Duet v. Falgout Offshore, LLC, No. 09-3321, 2010 WL 5057340,
at *8 (E.D. La. Dec. 3, 2010) (LOAIA does not “automatically apply to
invalidate the indemnity agreement” when parties contemplated subsequent trial
as part of their settlement agreement to determine liability), in support of
its position that the LOAIA is an affirmative defense.  While none of these decisions hold that the LOAIA
must be pled as an affirmative defense,[9] the LOAIA
is treated as an affirmative defense.

            Assuming, without
deciding, the LOAIA is an affirmative defense which must be pled,[10]
we must determine whether the LOAIA was raised in the trial court.  Sonat maintains that because Cudd, through
its second amended answer, waived the LOAIA due to its failure to assert this
affirmative defense, it was reversible error for the trial court to grant
Cudd’s summary judgment.  In response,
Cudd contends that (1) it did not waive this defense,[11] and
(2) the law of the case controls the application of the LOAIA.  

            We
find that the LOAIA was sufficiently pled by Cudd.  The record before this Court contains three
answers filed by Cudd in response to Sonat’s indemnity claims.  Before the Rule 11 agreement, Cudd filed its
first amended original answer in 2001. 
In that answer, Cudd asserted eighteen affirmative defenses, the seventh
of which claims that “Louisiana’s Oilfield Anti-Indemnity Statute bars Sonat’s
Indemnity claims.”  In 2009, Cudd filed
its second amended answer, asserting eleven affirmative defenses.  The fourth defense so asserted claims that
“Sonat’s fault caused and/or contributed to the blowout and/or injuries and,
thus, Sonat is precluded from seeking indemnity.”  The second amended answer omitted the claim
that “Louisiana’s Oilfield Anti-Indemnity Statute bars Sonat’s Indemnity
claims.” As a result of this omission, Sonat claims a waiver of the LOAIA.  

            Sonat
acknowledges the filing of Cudd’s third amended answer in 2009, alleging
thirteen affirmative defenses.  The fourth
affirmative defense is restated verbatim as originally asserted in the second
amended answer.  Cudd’s twelfth affirmative
defense states that “Cudd pleads the effects of the applicable oilfield
anti-indemnity statute as determined by the Texas Supreme Court.”  Sonat alleges that while the third amended
answer pleads the benefit of the Texas Supreme Court’s latest decision, it does
not claim the benefit of the LOAIA, presumably because the Act is not mentioned
by name.[12]  

            Rule
94 of the Texas Rules of Civil Procedure provides, in part, that “[i]n pleading
to a preceding pleading, a party shall set forth affirmatively accord and
satisfaction, . . . , payment, release, res judicata, . . . , waiver, and any
other matter constituting an avoidance or affirmative defense.”  Tex.
R. Civ. P. 94.  It has long been
held that the purpose of Rule 94 is to give the opposing party notice of the
defensive issues to be tried.  Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980); In re P.D.D., 256 S.W.3d 834, 839 (Tex.
App.—Texarkana 2008, no pet.); UMLIC VP
LLC v. T & M Sales & Envtl. Sys., Inc., 176 S.W.3d 595, 609 (Tex. App.—Corpus Christi 2005, pet.
denied).  Moreover, we construe the
petition liberally in favor of the pleader. 
UMLIC VP LLC, 176 S.W.3d at
609 (citing Stone v. Lawyers Title Ins.
Corp., 554 S.W.2d 183, 186 (Tex. 1977)). 
Pleading the effects of the “applicable oilfield anti-indemnity statute
as determined by the Texas Supreme Court” is fair notice to Sonat that Cudd
intended to take advantage of the provisions of the LOAIA.[13]  There can be no question that the only
anti-indemnity statute referenced by the Texas Supreme Court is the LOAIA, La. Rev. Stat. 9:2780.  It was not necessary for Cudd to name the
statute or to otherwise reference its number. 
The purpose of Rule 94 is to give the opposing party notice of the
defensive issues to be tried.  Cudd has
set forth in its third amended answer all that is necessary to invoke the LOAIA
affirmative defense.  The mere fact that
Cudd did not recite the name of the Act in its affirmative defense claiming the
“effects” of the “oilfield anti-indemnity statute” does not result in a waiver
of this affirmative defense.  

            Because
Cudd raised the LOAIA as an affirmative defense in its third amended answer,[14]
this pleading disposes of the issue of waiver.[15]  

            Cudd
further maintains that the issue of whether it waived the LOAIA in its
pleadings is irrelevant because the Texas Supreme Court remanded this case with
the directive to apply Louisiana law. 
Because we find that Cudd affirmatively raised the LOAIA defense, we
need not address the issue of whether the law of the case mandates the Act’s
application in the absence of a pleading asserting that defense.

            Moreover,
because we find the LOAIA defense was raised by Cudd, and was relied on by the
trial court in entering summary judgment in its favor, the judgment of the
trial court was correct.  The trial court
did not err in denying Sonat’s cross-motion for summary judgment.

            B.        Lumbermens’ Repeated Interventions

            Sonat
claims Lumbermens was not a party in the trial court because the trial court
struck its first petition to intervene, and that ruling applied as the “law of
the case” to Lumbermens’ second petition in intervention.  Sonat further contends that even if
Lumbermens was a party below, the trial court erred in failing to strike Lumbermens’
second petition in intervention because Lumbermens could not satisfy the
requirements of a traditional intervention. 


            The
issue of whether Lumbermens became a party by virtue of its second Rule 60[16]
intervention, after being struck on its first intervention motion, and the
issue of whether the trial court erred in failing to strike the second petition
in intervention are not germane to this appeal. 
The sole reason for Lumbermens’ intervention was to ensure that the
LOAIA defense was affirmatively raised on behalf of Cudd.  Lumbermens’ pleadings asserting this defense
on behalf of its insured were superfluous, in light of the fact that Cudd
raised the LOAIA defense on its own behalf. 
Moreover, a review of the judgment indicates that the trial court did
not rely on Lumbermens’ pleadings in reaching its decision.  The judgment expressly states that it is
based only on “the renewed Motion for Summary Judgment filed by Cudd Pressure
Control, Inc., (herein Cudd) and Cross Motion for Summary Judgment submitted by
Sonat Exploration Company (herein Sonat),” together with “the April 9, 2010 stipulation by Sonat as to some fault relating to the
blowout of the Otto Cummings No. 2-Alt. well located in Bienville Parish,
Louisiana on October 24, 1998.”  Even
in the final summary judgment, Lumbermens is not mentioned.  

            Both
parties have urged that this is not a jurisdictional defect and that the
judgment is final and appealable.  Once
again, the entire purpose for Lumbermens’ appearance in this case from the
outset was to ensure the Louisiana anti-indemnity statute was alleged.  We have found that Cudd’s pleadings placed
that issue before the court; the trial court resolved the matter based on the
Louisiana anti-indemnity statute as alleged by Cudd; consequently, Lumbermens’
additional pleading of the same issue added nothing.  Even if Lumbermens could be considered a
party, the only allegation it presented was duplicative of Cudd’s and the trial
court fully and completely resolved the case based on Cudd’s pleading.  Under these circumstances, we find that the
disposition of this issue effectively disposed of Lumbermens as a party.  Kaigler
v. Gen. Elec. Mortgage Ins. Corp., 961 S.W.2d 273, 276 (Tex. App.—Houston
[1st Dist.] 1997, no writ) (“Issues and parties, however, are co-dependent:  one could not exist without the other.  If an order disposes of all issues in a case,
then it necessarily disposes of all parties to a case, and vice versa.”).  We find the judgment is final and appealable,
but we need not address whether the trial court erred in failing to strike the
second petition for intervention, since Lumbermens’ pleading was redundant, the
trial court disposed of the only issue raised by Lumbermens, and Lumbermens’
pleading had no effect on the judgment.  

IV.       CONCLUSION

            We
affirm the judgment of the trial court.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          April
27, 2011

Date Decided:             May
9, 2011

 











[1]In its first
amended original answer, Cudd alleged, inter
alia, the following affirmative defense: 
“Louisiana’s Oilfield Anti-Indemnity Statute bars Sonat’s Indemnity claims.”  In its second amended answer, filed after
remand and Sonat’s stipulation of “some fault” in causing the blowout, Cudd did
not claim the Louisiana Oilfield Anti-Indemnity Act (LOAIA) barred Sonat’s
claim in that precise language, but alleged a very similar affirmative defense:
“Sonat’s fault caused and/or contributed to the blowout and/or injuries and,
thus, Sonat is precluded from seeking indemnity.”  

 





[2]Ostensibly,
Cudd did not specifically name the LOAIA due to the Rule 11 agreement, in which
Cudd pledged that on remand, it would not contend that the law of any state
other than Texas applied to its contract with Sonat.  

 





[3]While there is
no record of this hearing, the parties imply the trial court was concerned
about fact issues relating to Sonat’s negligence. 

 





[4]The clerk’s record does not reflect an order striking
the intervention; however, we have been supplied the reporter’s record of the
hearing on intervention reflecting the trial court’s ruling.  In making its ruling, the trial court made
the following comments: 

 

But once it got returned
to this trial court level, unless something popped pleading-wise from Cudd that
basically threw them again into this position of being out there basically
waiting on the train to run over them and everything, I’m not really seeing
allowing Lumbermens in as an intervenor. 

 

                As long as Cudd is holding up their end of the
bargain and basically putting forth all, I guess, necessary defenses to protect
Lumbermens, I think this is a two-party matter.

 





[5]This stipulation
was ostensibly filed to forestall the need for a trial on the negligence issue,
a necessary determination under the LOAIA.

 





[6]In this motion,
Sonat maintained that the Texas Supreme Court remanded this case “for the
application of Louisiana law,” not for the application of the LOAIA.  Sonat alleged, as it does on appeal, that the
LOAIA is an affirmative defense, which must be pled and proved.  Sonat maintained that Cudd did not plead the
benefits of the Act, as required by Texas procedural rules, and thus waived
that affirmative defense under Louisiana law. 

 





[7]Lumbermens
filed its first answer to Sonat’s petition in March 2010, before its
intervention was stricken in April.  In
that first answer, Lumbermens asserted that:

 

Pursuant
to Rule 94 of the Texas Rules of Civil Procedure, for its First Affirmative
Defense, Virtual Defendant Lumbermens asserts against Sonat Exploration Company
that the Louisiana Oilfield Anti-Indemnity Act (“LOAIA”), L.S.A.-R.S. 9:2783 et seq, forever bars and prohibits each
and every claim asserted herein by Sonat Exploration Company against Cudd . . .
.  

 

In its supplemental answer
(filed after the second intervention) Lumbermens pled:

 

For its Supplemental
Affirmative Defense, Lumbermens pleads the application of and the statutory
protections contained in the Louisiana Oilfield Anti-Indemnity Act (“LOAIA”),
L.S.A.-R.S. 9:2783 et seq. completely and forever bar any right
to recovery asserted by Sonat Exploration Company under the facts and
circumstances before the Court. 

 





[8]The judgment of
the trial court provides, in pertinent part:

 

[T]he applicable Louisiana
Revised Statute § 9:2780(B) entitled “Certain indemnification agreement invalid”
which states in particular:

 

Any provision contained in,
collateral to, or affecting an agreement pertaining to a well for oil, gas, or
water, or drilling for minerals which occur in a solid, liquid, gaseous, or
other state, is void and unenforceable to the extent it purports to or does provide
for defense of indemnity, or either, to the indemnitee against loss or
liability for damages arising out of or resulting from death or bodily injury
to persons, which is caused by or results from the sole or concurrent
negligence or fault (strict liability) of the indemnitee, or an agent,
employee, or an independent contractor who is directly responsible to the
indemnitee.

 

The trial court determined
that an application of the statute to these facts voided any indemnity between
Sonat and Cudd. 





[9]Although not
exclusive, Article 1005 of the Louisiana Code of Civil Procedure provides a
list of affirmative defenses, which does not specifically include the
LOAIA.  La.
Code Civ. Proc. Ann. art. 1005 (West, Westlaw current through 2011), or http://www.legis.state.la.us/lss/lss.asp?doc=111109.





[10]Texas law
governs issues of procedure on remand.  See In re Lisa Laser USA, Inc., 310
S.W.3d 880, 883 n.2 (Tex. 2010) (law of forum state applies to procedural
questions); Arkoma Basin Exploration Co.
v. FMF Assocs. 1990-A, Ltd., 249 S.W.3d 380, 387 (Tex. 2008) (under
conflict of law principles, procedural matters governed by Texas law).  Rule 94 of the Texas Rules of Civil Procedure
requires that affirmative defenses “shall be set forth affirmatively.”  Tex.
R. Civ. P. 94.  Otherwise, those
defenses are waived.  Frazier v. Havens, 102 S.W.3d 406, 411
(Tex. App.––Houston [14th Dist.] 2003, no pet.) (affirmative defenses not pled
are waived).

 





[11]“Any argument
that a state’s anti-indemnity statute is an affirmative defense which must be
pled was disposed of with this [third amended] live pleading.”  





[12]This Court is
well aware that the parties have entered a Rule 11 agreement whereby Cudd
agreed not to assert another state’s law; however, the inquiry today is simply
whether Cudd’s pleadings were adequate to present the Louisiana anti-indemnity
statutory defense found applicable by the Texas Supreme Court.





[13]This is
especially true in light of the fact that the statute was quoted at length in
the Texas Supreme Court’s opinion.  Even
Cudd’s fourth affirmative defense asserted in its second amended answer––that “Sonat’s
fault caused and/or contributed to the blowout and/or injuries and, thus, Sonat
is precluded from seeking indemnity” provides fair notice that Cudd intended to
rely on Sonat’s negligence in an attempt to void the indemnity agreement, which
is exactly what the LOAIA accomplishes.  


 





[14]Cudd contends
that even if this Court were only looking to the second amended answer to
determine whether the LOAIA was properly asserted in this case, the affirmative
defense pled would be sufficient.  See Shoemake
v. Fogel, Ltd., 826 S.W.2d 933 (Tex. 1992) (no requirement to plead
affirmative defense of immunity when defense apparent from face of pleadings); Phillips v. Phillips, 820 S.W.2d 785
(Tex. 1991) (pertaining to defense of penalty); Lewkowicz v. El Paso Apparel Corp., 625 S.W.2d 301, 303 (Tex. 1981)
(defense of illegality apparent from face of pleadings need not be specifically
pled); Old Republic Sur. Co. v. Palmer,
5 S.W.3d 357 (Tex. App.—Texarkana 1999, no pet.) (pertaining to defense of
ambiguity).

 





[15]Sonat does not
claim Cudd’s third amended answer, filed on September 1, 2009, was
untimely.  The summary judgment in favor
of Cudd issued on August 23, 2010.  Sonat
did not file a motion to strike Cudd’s third amended answer.  





[16]Rule 60 of the
Texas Rules of Civil Procedure provides, “Any party may intervene by filing a
pleading, subject to being stricken out by the court for sufficient cause on
the motion of any party.”  Tex. R. Civ. P. 60.  An intervenor is not required to secure the
court’s permission to intervene; the party who opposed the intervention has the
burden to challenge it by a motion to strike.  Guar.
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990);
Prototype Mach. Co. v. Boulware,
292 S.W.3d 169 (Tex. App.––San Antonio 2009, no pet.).